UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

**JORGE E. ALMA**
205 Yoakum Parkway
Unit# 407
Alexandria, VA 22304

 **Plaintiff,**

 v.                Civil Action No.

**SHARON BOWSER, MAYOR**
**DC METROPOLITAN POLICE DEPARTMENT**
1215 3rd Street, N.E.
Washington, DC 20032

 **Defendant.**

_____

## **COMPLAINT**

 1.  This is a suit brought pursuant to Sections 703 and 704 of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e, et.seq. at §§2000e-2 and 3 (hereinafter called Title VII) and the Civil Rights Act of 1866 as amended, 42 U.S.C. §1981, to redress discrimination and retaliation.  Plaintiff is seeking damages against his employer for retaliating against him because of filing prior complaints of discrimination and discriminating against him for wearing facial hair for religious reasons.

 2.  Jurisdiction of this Court is invoked pursuant to 42 U.S.C §2000e-5 and 28 U.S.C. §1331 and §1343(3).

 3.  Venue is appropriate under 28 U.S.C. §1391, because this is the judicial district in which the cause of action arose and discriminatory practices occurred.

 4. Plaintiff is commencing this action within 90 days after receiving his right to sue authorization from the EEOC and he has timely exhausted all administrative

1

requirements for bringing this claim.

## THE PARTIES

5. The plaintiff, Mr. Jorge E. Alma (hereafter referred to as Plaintiff), is a resident of the State of Virginia who was employed by Defendant at all times relevant in the District of Columbia.

6. Defendant Bowser, is the current Mayor of the City of Washington DC and as such is responsible for city agencies, including the Metropolitan Police Department (hereafter referred to as Defendant or MPD). The mayor is named only in her official capacity as the Chief Executive Officer of the City.

## FACTS

7. Plaintiff is a 36 year old Hispanic male.

8. Plaintiff was hired by Defendant in August 2002 as a recruit police officer and, after successfully completing his training, was made a permanent police officer. Plaintiff performed his job duties well and regularly received good performance evaluations and merit pay increases.

9. During 2006 and into 2007, Plaintiff suffered sexual harassment and retaliation at the hands of his female first line supervisor and brought a complaint of sex discrimination and reprisal in DC Federal Court. *Alma v. DC*, CA- 08-1702. The case was settled in mid 2010 with the help of the court's alternative resolution program.

10. Within weeks after settling his federal court complaint and EEO case, Plaintiff was proposed for a 25 day suspension, later reduced to a 15 day suspension. Plaintiff appealed the discipline to the Chief of Police, who offered to resolve it by transferring Plaintiff from his undercover police officer position to a different unit with no discipline

on his record.  Plaintiff accepted the offer and the reassignment.  Plaintiff received his settlement funds in November 2009 from settlement of the former case and was notified of his reassignment in December 2010.

11.  Within days of resolving the 25 day suspension appeal, Plaintiff was proposed for another long suspension (15 days) on pretextual grounds. Plaintiff appealed the suspension internally, without success.  He served that suspension during the period of 8/14/11 and 9/3/11.  Plaintiff grieved that suspension to arbitration in 2014 and is awaiting a decision from the arbitrator.

12.  On October 18, 2011, Respondent, through its agents, again threatened Plaintiff with discipline for wearing facial hair even though he explained that he wore the short beard for religious reasons.  Plaintiff's supervisor told Plaintiff that he needed a religious waiver in order to wear facial hair.  Other coworkers and supervisors were permitted to wear beards who had no waiver of any type.  Plaintiff continued to get harassed about wearing facial hair until the Chief of Police approved his written waiver request.  Plaintiff knows of no other officer who was required to get a religious waiver in writing to wear facial hair.

13.  Plaintiff is humiliated after repeatedly being threatened with discipline, issued a 15 day suspension for illegitimate reasons, harassed over wearing facial hair and further threatened with discipline in the presence of his peers.  Plaintiff now has a major stain on his work record which prejudices his chance at promotion and makes it easier for Defendant to threaten to remove him. The stress of these threats and discipline has caused him pain, suffering and strained relations with loved ones. Because he was disabled for a lengthy period after being sexually harassed during his earlier employment, which led the

3

initial law suit, Plaintiff's suffering is exacerbated.

## CLAIMS

### I.  Defendant Violated Title VII by Retaliating Against Plaintiff for Successfully Pursing Earlier Complaint of Sexual Harassment

14.  Plaintiff incorporates herein paragraphs 1 through 13 above.

15.  Defendant's repeated threats of discipline, issuance of a 15 day suspension in August 2011 for illegitimate reasons, and threats of discipline because of Plaintiff's wearing facial hair in October 2011, were motivated in substantial part by reprisal of Plaintiff's successfully pursuing his sexual harassment complaint against the MPD.

16.  Plaintiff suffered severe pain, suffering and lost time from work because of management's hostile and abusive work environment.

17.  In violating Plaintiffs federally protected rights, the defendant acted with malice and/or reckless indifference.

18.  As a result of the defendant's unlawful conduct, Plaintiff has suffered damages in the form of lost wages, benefits and other attendant rights and privileges of his employment.

## RELIEF REQUESTED

Wherefore, Plaintiff request this Court to provide him the following relief:

1.  Direct Defendant to make Plaintiff whole for lost wages and benefits he suffered because of being issued a pretextual 15 day suspension;

2.  Direct Defendant to cleanse Plaintiff's personnel record of any discipline related to the Defendant's retaliatory discipline;

3.  Direct Defendant to compensate Plaintiff for compensatory and punitive damages;

4.  Direct that Defendant compensate Plaintiff for reasonable attorney's fees and costs;

5.  Direct such other relief as is necessary to make Plaintiff whole for his injuries within the spirit of the statutes determined to be violated.

### JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues to which he is entitled to a jury trial under law.

_____
James L. Kestell DC955310
Kestell and Associates
254 N. Washington St.
Falls Church, VA 22046
Ph: 703 237 2912; fax 703 237 4321