## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JORGE ALMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-cv-294 (KBJ) |
| | ) | |
| MURIEL BOWSER, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Jorge E. Alma, a police officer with the District of Columbia Metropolitan Police Department ("MPD"), has filed a one-count complaint against District of Columbia Mayor Muriel Bowser in her official capacity, asserting that the MPD retaliated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), for filing a prior discrimination lawsuit.  (*See* Am. Compl. ("Compl."), ECF No. 3, at 4.)[1]  Although Alma's complaint also refers to the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and appears to allege that the MPD has "discriminat[ed] against [Alma] for wearing facial hair for religious reasons[,]" (Compl. ¶ 1; *see also id.* ¶¶ 12-13), the complaint's only claim is that the MPD imposed a 15-day suspension and various other threats of further discipline "motivated in substantial part by reprisal of Plaintiff's successfully pursuing [a] sexual harassment complaint against the MPD."  (*Id.* ¶ 15.)

Before this Court at present is Defendant's motion to dismiss the complaint

---

[1] Page numbers herein refer to those that the Court's electronic case filing system automatically assigns.

pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon

which relief can be granted.  (*See* Mem. in Supp. of Mot. to Dismiss ("Def.'s Mot."),

ECF No. 9, at 5.)  Defendant makes two puzzling arguments for dismissal: (1) that

"Title VII is not applicable to individuals[,]" and (2) that Alma "has failed to plead

facts supporting liability against Defendant Bowser under 42 U.S.C. § 1981."  (Def.'s

Mot. at 3.)  This Court concludes that neither of Defendant's arguments for dismissal is

well-taken, given that suits against public officers in their official capacity are deemed

suits against the public entity itself, and Alma has not actually brought any claim under

Section 1981.  Consequently, and as set forth in the order below, Defendant's motion is

**DENIED**.

## I.      BACKGROUND

According to the complaint, Alma is a 36-year-old Hispanic man who has been a

police officer with the MPD since he was hired in August of 2002.  (*See* Compl. ¶ 5, 7-

8.)  Alma alleges that he was the victim of sexual harassment and retaliation at the

hands of his female first line supervisor between the years of 2006 and 2007, after

which he filed a federal lawsuit claiming sex discrimination and reprisal.  (*See id.* ¶ 9.)

The case "settled in mid 2010 with the help of the court's alternative resolution

program." (*Id.*)[2]  According to Alma, the MPD proposed a 25-day suspension within

weeks of the settlement, which Alma appealed to the Chief of Police.  (*See id.* ¶ 10.)

The Chief offered Alma the opportunity to transfer to a different unit with no discipline

---

[2] In an apparent typographical error, Alma alleges elsewhere in the complaint that he received the
settlement funds in "November 2009" (Compl. ¶ 10), which is more than one year prior to the
established settlement date of the case. *See* Stipulated Joint Motion for Dismissal, *Alma v. District of
Columbia*, No. 08-cv-1702-HHK (D.D.C. Dec. 17, 2010), ECF No. 21.

on his record and Alma accepted. (*See id.*)  Days later, Alma was proposed for another suspension (15 days) on what he alleges were pretextual grounds.  (*See id.* ¶ 11.)  When his subsequent internal appeal failed, Alma served the suspension in the year 2011. (*See id.*)[3]

On October 18, 2011, a little over a month after he returned from his suspension, Alma allegedly was threatened with discipline for his facial hair, despite his explanation that he was wearing a beard for religious purposes.  (*See id.* ¶ 11-12.) Alma's supervisor told him that he needed to get a religious waiver in order to maintain his facial hair; however, the complaint alleges that Alma's other coworkers and supervisors were permitted to wear beards without a waiver.  (*See id.* ¶ 12.)  Alma ultimately requested and received a waiver from the Chief of Police.  (*See id.*)

Alma filed the instant complaint on February 27, 2015.  Although the complaint's opening paragraph states that the lawsuit has been filed pursuant to Title VII and Section 1981 "to redress discrimination and retaliation" (*id.* ¶ 1), the sole count in the complaint addresses only retaliation (*see id.* at 4 (asserting a single claim entitled "Defendant Violated Title VII by Retaliating Against Plaintiff for Successfully Purs[u]ing Earlier Complaint of Sexual Harassment")).  Alma is seeking lost wages, an expunged personnel record, compensatory and punitive damages, and attorney's fees and costs. (*See id.* at 4-5.)

Defendant filed a motion to dismiss Alma's complaint on May 27, 2015.  As mentioned, Defendant seeks dismissal of the complaint on the grounds that Alma has named D.C. mayor Muriel Bowser (in her official capacity) as the defendant, and not

---

[3] According to the complaint, Alma grieved the suspension to an arbitrator in 2014, and is still awaiting a decision.  (*See* Compl. ¶ 11.)

the District, and also because, according to Defendant, there are insufficient facts alleged in the complaint to support any cause of action under Section 1981. (*See* Def. Mot. at 5 (asserting that "a cause of action under § 1981 may be brought [only] when a plaintiff has suffered an injury flowing from the racially-motivated breach of his contractual relationship with another party").)

## II.     MOTIONS TO DISMISS UNDER RULE 12(B)(6)

A party may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6), on the grounds that it "fail[s] to state a claim upon which relief can be granted[.]"  Fed. R. Civ. Pro. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter" to "state a claim to relief that is plausible on its face[,]"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted), and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

"Although 'detailed factual allegations' are not necessary to withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must furnish "'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 133 (D.D.C. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Mere conclusory statements" regarding the wrongfulness of defendant's conduct are not enough.  *Iqbal*, 556 U.S. at 678.  Nevertheless, "[t]he [C]ourt must view the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations[.]"  *Busby*, 932 F. Supp. 2d at 13.  However, the Court is not

"bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## III.   ANALYSIS

Defendant's paltry arguments make short work of the Court's analysis of the present motion to dismiss.  In the one paragraph that Defendant dedicates to the first point, Defendant asserts that Plaintiff's Title VII claim against Mayor Bowser must be dismissed because no individual liability exists under Title VII, and, in any event, Alma has failed to allege that Mayor Bowser took any affirmative action against him or knew of the alleged misconduct.  (*See* Def.'s Mot. at 5.)   In so arguing, Defendant ignores the fact that Mayor Bowser is being sued only in her official capacity (*see* Compl. ¶ 6), and also disregards the well-established principle that a suit against a public officer in her official capacity "is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *Washington v. Fenty*, 611 F. Supp. 2d 45, 47 (D.D.C. 2009) (explaining that an official capacity suit brought against the mayor of the District of Columbia is "the equivalent of a suit against the District of Columbia").  What is more, Defendant does not, and cannot, dispute that the District of Columbia is the proper defendant when an MPD officer brings a Title VII claim. *See, e.g.*, *Sanders v. Metro. Police Dep't*, 79 F. Supp. 3d 220, 220 n.1 (D.D.C. 2015) (substituting the District of Columbia as the proper defendant in a lieutenant's Title VII actions brought against the MPD).  Thus, Defendant's contention that the instant action regarding alleged retaliation by the MPD is subject to

dismissal on the grounds that the mayor has been named rather than the District is misguided, and must be squarely rejected.

Defendant's second assertion—that the complaint fails to state a Section 1981 discrimination claim (*see* Def.'s Mot. at 5-7)—might have had more traction than the motion's strange opening salvo, *if* the complaint actually contained a discrimination claim brought under Section 1981.  This Court sees no such claim in the complaint; indeed, the terms "Section 1981" and "race discrimination" are conspicuously absent from the section of the complaint entitled "Claims," and that section plainly sets forth only that Defendant has retaliated against Alma in violation of Title VII.  (*See id.* at 4; *see also* Pl.'s Opp. to Def.'s Mot., ECF No. 10, at 2 (emphasizing that "Plaintiff's sole claim is that the Defendant retaliated against him for a previously successful harassment suit").)  Therefore, Defendant's motion to dismiss for failure to state a Section 1981 claim is misdirected, and its myriad arguments regarding the insufficiency of this phantom claim—however meritorious—are not properly before the Court.[4]

## IV.   CONCLUSION

Plaintiff's complaint seeks to advance a single claim: that the MPD violated Title VII by retaliating against him on the basis of his prior, successful sex discrimination lawsuit against the department.  (*See* Compl. at 4.)  Although Plaintiff mistakenly names Mayor Bowser in her official capacity instead of the District, the established

---

[4] To be sure, the complaint makes a fleeting reference to Section 1981 in its opening paragraph, but nowhere in the complaint does Alma allege that he was discriminated against on the basis of his race, as Section 1981 would require him to do.  *See Pope v. Frum*, 95-7088, 1996 WL 135164, at *1 (D.C. Cir. Feb. 5, 1996) (holding that appellant did not state a claim pursuant to Section 1981 because "he has not alleged that he is a member of a racial minority or that the defendant discriminated against him on the basis of his race").  Drawing all reasonable inferences in Plaintiff's favor, *see Iqbal*, 556 U.S. at 663, this Court will conclude that no allegations regarding race discrimination were inserted into the complaint precisely because Alma is not asserting any claim under Section 1981.

remedy for this pleading problem is substitution of the named party, not dismissal of the action.  *See Sanders*, 79 F. Supp. 3d at 220 n.1.  Moreover, Defendant is wrong to insist that "Plaintiff's [c]laim [u]nder 42 U.S.C. § 1981 [f]ails [a]s [a] [m]atter of law" (Def. Mot. at 5), when no such claim appears on the face of the complaint, properly construed.

Consequently, and for these reasons, it is hereby

**ORDERED** that Defendant's [9] Motion to Dismiss is **DENIED**.  Pursuant to Rules 6(d) and 12(a)(4)(A) of the Federal Rule of Civil Procedure, Defendant shall answer Plaintiff's complaint on or before **February 26, 2016**.  It is

**FURTHER ORDERED** that the District of Columbia shall be substituted for Mayor Bowser as the defendant in this case.  The Clerk of the Court is directed to update the caption of this matter accordingly.

DATE:  February 9, 2016                    *Ketanji Brown Jackson*
                                           KETANJI BROWN JACKSON
                                           United States District Judge